MASTERSON *v.* TOWNSHEND *et al.*

*(Superior Court of New York City, General Term. May 6, 1889.)*

EJECTMENT—PLEADING—AVERMENT OF TITLE.

    A complaint in ejectment alleged that one W. died seised in fee of certain premises, leaving brothers and sisters as his heirs; that one of the brothers died leaving children, of whom plaintiff was one, as his heirs; and "that, by reason of the matters hereinbefore set forth," plaintiff was seised in fee of a certain undivided part of the premises. *Held,* a sufficient averment of title.

Appeal from special term.

Ejectment by Peter T. Masterson against John Townshend and others. From an interlocutory judgment overruling a demurrer to the complaint, defendants appeal.

Argued before SEDGWICK, C. J., and O'GORMAN, J.

*John Townshend,* for appellants. *George Wilcox,* for respondent.

SEDGWICK, C. J. The action is in ejectment. The complaint alleges that William H. Masterson had owned in fee an undivided half of certain land;

that he died leaving a will which created a trust in the land; that said trust had determined; that plaintiff claims as one of the children of one James Masterson, who was a brother of William H. Masterson, or, in other words, plaintiff claims as a nephew of William H. Masterson. The complaint on this point alleges (subdivision 7) "that the said William H. Masterson left him surviving his widow, Mary Masterson, (now Mary McNulty,) and John S. Masterson, Hugh Masterson, Peter Masterson, and James Masterson, his brothers, Mary Agnes Coleman and Ann E. Treacy, his sisters, his only heirs at law." Subd. 8. "That on or about the 28th day of May, 1879, the said James Masterson died intestate leaving him surviving his widow, Theresa Masterson, and Henry B. Masterson, Peter T. Masterson, the plaintiff herein, Julia E. Jenkins and Annie E. Clark, his children, and only heirs at law." The defendants demurred on the ground that the complaint does not state facts sufficient to constitute a cause of action. For the demurrer it is argued that whether one is an heir is a conclusion of law, from the facts that concern the existence or non-existence of individuals who may stand as descendants or collaterals, etc., of a deceased, and that therefore a plaintiff claiming as heir, being a collateral, should aver that there were no descendants or father or mother living; and cases are cited to show that where it is necessary to allege that plaintiff is heir of an ancestor it is necessary to show how he is heir. It is not denied that in certain cases such a rule is to be applied. In a case, however, where the plaintiff claims not a particular estate, or a cause of action in an ancestor, where he must show how, by the succession of the estate, he derives a title to the action, but claims an estate in fee-simple, the rule is, in general, it is sufficient to state a seisin in fee-simple *per se;* that is, simply to state that the party "was seised in his demesne as of fee of and in a certain messuage," etc. Steph. Pl. (5th Amer. Ed.) 305, *306. The complaint in its ninth subdivision alleges "that by reason of the matters hereinbefore set forth plaintiff became and is now seised in fee of one undivided sixtieth interest in the premises hereinbefore described, and entitled to the immediate possession thereof." The complaint is therefore sufficient, unless, at least, the "matters hereinbefore set forth" show on their face that plaintiff was or is not seised in fee. The matters are not inconsistent with a fee-simple in the plaintiff. They may be looked upon as matters of inducement, and certainly apprise the defendants of the course of title under which plaintiffs claim. It is not now considered whether or not the plaintiff can claim another title than that derived as the complaint states. I am, therefore, of the opinion that the judgment and order should be affirmed, with costs.

O'GORMAN, J., concurs.